*WHITMARSH v. CAMPBELL.                    [*645]

Exceptions for scandal or impertinence, under the 53d rule, must point out
the exceptionable matter with sufficient certainty to enable the adverse party
and the officers of the court to ascertain what particular parts of the plead-
ing or proceeding are to be stricken out if the exceptions are allowed.
If several parts of the answer, or other proceeding, are deemed impertinent,
each part should form the subject of a separate exception.

THE complainant after excepting to the answer in this <span>December 1st.</span>
case, for insufficiency in divers particulars which were speci-
fied in the usual manner, and under the rule of May, 1829,

(the same as new rule 53,) added the following exception for impertinence : " The said separate answer of the said defendant is impertinent in setting forth at full length divers letters and other documents, and in stating arguments and recitals instead of facts." The master decided this exception was well taken, and reported that the exceptionable matter was marked by him in a copy of the answer which had been laid before him, and that he had included the same in brackets. On exceptions to the master's report,

*J. Hoyt*, for the defendants, insisted that this exception was not well taken, as it did not specify what particular parts of the answer were impertinent.

*J. Clisbie*, for the complainant.

THE CHANCELLOR:—The object of the late rule of this court in relation to exceptions for scandal or impertinence, was to require the party excepting to point out the objectionable passages with such clearness and precision that the adverse party might, from the exceptions, ascertain what was to be stricken out or altered, if the exceptions were submitted to by him or allowed by the master ; and that the proper officer of the court might be enabled to comply with the provisions of the 57th rule. If there are several parts of the answer or other proceeding in the cause, which are deemed scandalous or impertinent, each should form the subject of a *separate exception; with such references to the scandalous or impertinent matter, or the pages in which it is contained, as to enable the adverse party and the officers of the court to ascertain precisely what is considered objectionable. The exception in this case is defective in all these particulars, and ought not to have been allowed.